John **BROWN**, Petitioner–Appellant,

v.

Brenda **BURNS**, Warden, NNCC, Respondent–Appellee.

No. 91–16795.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 1993 *.

Decided June 21, 1993.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

**220**

Franny A. Forsman, Federal Public Defender, Las Vegas, NV, for petitioner.

Stuart J. Newman, Deputy Atty. Gen., Carson City, NV, for respondent.

Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.

PER CURIAM:

John Brown appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging his state conviction for driving under the influence of intoxicating liquor in violation of Nev. Rev.Stat. § 484.379. Although Brown's no-tice of appeal arrived at district court a day late, we deem it timely. *See Sudduth v. Arizona Attorney General*, 921 F.2d 206 (9th Cir.1990). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

We review de novo the district court's decision to deny Brown's petition for habeas relief. *Thomas v. Brewer*, 923 F.2d 1361 (9th Cir.1991). The district court's findings of fact are reviewed for clear error, *id.*, and state court factual conclusions are entitled to a presumption of correctness. 28 U.S.C. § 2254(d).

■ Brown's first contention is that the Nevada District Court lacked jurisdiction because the alleged offense occurred entirely within the boundaries of the Reno/Sparks Indian Colony. Federal courts have jurisdiction over crimes committed by Indians within the boundaries of federally recognized Indian reservations, while state courts have jurisdiction over crimes occurring outside the reservations. 18 U.S.C. § 1152.

■ The state trial judge concluded that Brown committed the offense of driving under the influence both on the streets of the city of Reno and on the reservation. The arresting officer testified that he first observed Brown at a stop sign on Prosperity Lane, which is clearly off the reservation. Brown then turned north onto Golden Lane, swerving into the south bound lane and weaving across the center divider. There was conflicting testimony about whether Golden Lane was entirely off the reservation or divided in the center, with half on reservation land and half on city property. The trial judge therefore concluded that "[b]y inference, if the defendant was drunk when he was apprehended on the reservation, he was certainly drunk a few seconds earlier when he was driving off the reservation." We cannot say that this conclusion is not fairly supported by the record. *See Wainwright v. Goode*, 464 U.S. 78, 85, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983).

Brown's second claim is that the state trial judge failed to make the requisite finding that Brown's waiver of his right to a jury trial was knowing and voluntary. Brown bases this contention on his failure to execute a signed, written waiver of his right to a jury

trial as required by Nev.Rev.Stat. § 175.-011(1).

A defendant may waive the constitutional right to a jury trial if the waiver is made voluntarily, knowingly, and intelligently. *Patton v. United States,* 281 U.S. 276, 312–13, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930); *overruled on other grounds by Williams v. Florida,* 399 U.S. 78, 92, 90 S.Ct. 1893, 1901, 26 L.Ed.2d 446 (1970). Nevada's requirement that the waiver be in writing is analogous to the requirement in Fed. R.Crim.P. 23(a). Rule 23's writing requirement does not establish a constitutional minimum, but rather is intended to provide the best record evidence of a defendant's express consent. *See United States v. Guerrero–Peralta,* 446 F.2d 876, 877 (9th Cir.1971). We have held that where a defendant intelligently, knowingly, and expressly waives the right to a jury trial in open court, there has been compliance with Rule 23(a). *United States v. McCurdy,* 450 F.2d 282, 283 (9th Cir.1971).

The record reveals that Brown was initially confused about the difference between a bench trial and a jury trial. The trial judge took appropriate measures to ensure that Brown's waiver was in fact voluntary, knowing, and intelligent. The court explained the voir dire process and the role of the jury to Brown in lay terms, including the requirement that the prosecution "prove each element of the crime beyond a reasonable doubt to the jury. All 12 of them have to agree. It's a 12—with 12 people, and all 12 of them have to agree to the verdict and they have to agree that each element has been proved beyond a reasonable doubt before you can be convicted." The court explained that the only difference between a bench trial and a jury trial is that in the former, the judge decides whether you are innocent or guilty.

Brown's counsel indicated that Brown understood that he had a right to a jury trial and intended to waive that right. Nonetheless, the trial judge responded with requisite caution that he would give Brown a jury trial unless he expressly said he did not want it.

After being reassured that the same evidence would be presented, and that the only difference is that the judge decides the ultimate issue of guilt, Brown stated, "It's my basic right, I understand that, and I understand what you explained to me of the bench trial, as opposed to a jury trial." The court then stated that it would proceed with Brown's jurisdictional argument, and Brown replied, "Well, then, I'd waive my rights to a jury trial.... And go through with this bench trial." The extended colloquy, and the record of Brown's express waiver of his right to a jury trial, is sufficient to satisfy the constitutional requirement of a knowing, intelligent, and voluntary waiver. *See McCurdy,* 450 F.2d at 283.

### CONCLUSION

Brown has failed to overcome the presumption of correctness attached to the state trial court's determination that Brown's offense occurred at least in part on city property. The record indicates that despite the lack of a signed waiver, Brown knowingly and intelligently waived his right to a jury trial. We AFFIRM the district court's denial of Brown's petition for a writ of habeas corpus.