24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William L. STEPHENS, Petitioner-Appellant,
v.
Robert G. BORG; John Van De Kamp, Respondents-Appellees.
 No. 93-16170.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William L. Stephens, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for first degree murder. Stephens contends that he involuntarily waived his constitutional right to a jury trial, and that the trial court erred by permitting the prosecution to proceed under a theory of felony murder by arson. We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 
 
 3
 We review de novo the district court's decision to deny a petition for habeas corpus. Brown v. Burns, 996 F.2d 219, 220 (9th Cir.1993). We review for clear error the district court's findings of fact. Id.
 
 
 4
 * Jury Trial Waiver
 
 
 5
 Stephens contends that he involuntarily waived his right to a jury trial after the trial court denied his pretrial motion to set aside the torture-murder special circumstance allegation pursuant to California Penal Code Sec. 190.2(a)(18). We disagree.
 
 
 6
 A defendant may waive the right to a jury trial so long as the waiver is made voluntarily, knowingly, and intelligently. Id. at 221. The defendant's waiver of his right to a jury trial may not be obtained by means which compel him to choose the waiver based upon a significant, erroneous decision by the trial court. See, e.g., Cuffle v. Goldsmith, 906 F.2d 385 (9th Cir.1990) (trial court erroneously informed defendant that state could seek death penalty if he pursued appeal).
 
 
 7
 Here, the State of California charged Stephens with willful, deliberate, premeditated murder, felony murder by torture, and felony murder by arson. As a special circumstance, the state also alleged that the murder was intentional, and involved the infliction of torture. Stephens moved to set aside the special circumstance torture-murder allegation on the ground that the statute was unconstitutionally overbroad because it did not require the prosecution to prove that the defendant had the intent to inflict extreme and prolonged pain. The trial court, finding the statute constitutional, denied the motion and noted that intent was a jury question.
 
 
 8
 Approximately nine months later, on the date his jury trial was to commence, Stephens informed the court that he wished to waive his right to a jury trial. Before accepting the waiver, the trial court advised Stephens that he had the right to be tried by twelve members of the community and that all twelve jurors had to reach a decision. After ensuring that Stephens understood the right to a jury trial and that Stephens' counsel agreed to the waiver, the trial court asked the district attorney whether he consented to a jury waiver. Responding affirmatively, the district attorney also informed the court that in exchange for the jury waiver, the State would not seek the death penalty if the court convicted Stephens of first degree murder and found the torture-murder circumstance was true. The court then accepted Stephens' jury waiver.
 
 
 9
 The record reveals that Stephens knowingly waived a jury trial. The record also supports the district court's finding that Stephens waived a jury in exchange for the assurance that he would not be subjected to the death penalty if he was convicted of intentional murder and the torture-murder allegation. Moreover, Stephens' contention that he was coerced to waive a jury trial because the trial court would have incorrectly instructed the jury defies logic: the same substantive law applies to bench trials as to jury trials. Thus, Stephens proceeded under the same risk of legal error by proceeding with a bench trial. Moreover, had Stephens not waived a jury trial, he would have retained the right to appeal any instructional error. Accordingly, we conclude that Stephens voluntarily waived his right to a jury trial. See Brown, 966 F.2d at 221.
 
 II
 Felony Murder by Arson
 
 10
 Stephens also contends that the trial court erred by permitting the prosecution to proceed under a theory of felony murder by arson because the arson was an integral part of the homicide. We need not address Stephens' argument because the state court convicted Stephens of murder under four alternative theories: (1) intentional, deliberate, premeditated murder; (2) felony murder by arson; (3) felony murder by torture; and (4) murder by torture. Because the same evidence supported each theory of murder, any error arising from the prosecution proceeding under felony murder by arson was harmless. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1721-22 (1993).
 
 
 11
 Accordingly, we affirm the district court's decision to deny the petition for writ of habeas corpus.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We construe Stephens' letter dated March 8, 1994 as a motion to appoint counsel for the purpose of oral argument. Because we find this case appropriate for decision without oral argument, we deny the motion
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3