29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda Mae VIVIAN, Petitioner-Appellant,
v.
Susan POOLE, Warden; Attorney General of California,
Respondents-Appellees.
 No. 94-55081.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 21, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Linda Mae Vivian, a California state prisoner, appeals pro se the district court's denial of her 28 U.S.C. Sec. 2254 habeas petition challenging her conviction following a guilty plea to second degree murder. Vivian contends that the State of California (State) administered psychotropic drugs against her will; her guilty plea was involuntary; prosecutorial misconduct, evidentiary rulings and the denial of a free trial transcript prejudiced her constitutional right to a fair trial; and she received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 
 
 3
 We review de novo the district court's decision to deny a petition for habeas corpus. Brown v. Burns, 996 F.2d 219, 220 (9th Cir.1993). We review for clear error the district court's findings of fact. Id.
 
 
 4
 * Background
 
 
 5
 The State of California originally charged Vivian with first degree murder. A trial resulted in a hung jury. On February 10, 1987, prior to being re-tried, Vivian pleaded guilty to second degree murder in exchange for a stipulated sentence of 18 years to life.
 
 
 6
 At the change of plea hearing, the trial court advised Vivian of her constitutional rights to a speedy jury trial, to confront the witnesses against her, to counsel at trial and to invoke the privilege against self-incrimination. Vivian stated that she understood her constitutional rights and that she wished to waive them. Responding to Vivian's query whether she would have the right to appeal, the trial court informed Vivian that the plea bargain waived that right and that the only way to preserve that right would be to proceed to trial and allow the jury to fix the degree of murder. Vivian indicated that she understood and wished to proceed with the guilty plea.
 
 
 7
 The trial court then advised Vivian that the plea agreement provided an indeterminate sentence of 18 years to life. Although the court told Vivian that she might be eligible for release after approximately 8 years, it emphasized that such determination was within the dominion of the state prison authority and the 8-year figure was merely an estimate. Vivian indicated that she understood this information.
 
 
 8
 After ascertaining that counsel agreed to the guilty plea, the trial court accepted Vivian's guilty plea to second degree murder.
 
 II
 Involuntary Administration of Drugs
 
 9
 Vivian contends that the county administered drugs to her against her will while she was a pretrial detainee. Because Vivian's delayed filing prejudiced the State, we decline to address this claim.
 
 
 10
 A court may dismiss a habeas petition for delay if: (1) the delay prejudices the state's ability to respond to the petition; and (2) the petitioner failed to act with reasonable diligence in pursuing the claim. See Harris v. Vasquez, 949 F.2d 1497, 1510 (9th Cir.1991), cert. denied, 112 S.Ct. 1275 (1992); Rule 9(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254, (Rule 9(a)). When the state has shown prejudice, the burden shifts to the petitioner to show that she exercised reasonable diligence in pursuing the claim. See Harris v. Pulley, 885 F.2d 1354, 1366 (9th Cir.1988), cert. denied, 493 U.S. 1051 (1990).
 
 
 11
 Here, Vivian first requested her pretrial detention medical records on September 4, 1990, more than three years after she pleaded guilty. Vivian failed to assert that she was involuntarily drugged until she filed her state petition for habeas corpus in November 1992, more than five years after the period of pretrial detention. Vivian's pretrial detention medical records were destroyed by a fire in July 1989.
 
 
 12
 By waiting more than two years to request her medical records, Vivian hindered the State's ability to respond to her claim that she was involuntarily drugged. Without the pretrial records, the State cannot determine either the amount of medication administered to Vivian or whether medication was administered against her will. Had Vivian pursued her claim diligently, the State would have been able to ascertain the facts surrounding her medication and treatment during her pretrial detention. Because Vivian knew that she was receiving medication during her pretrial detention, she can offer no valid reason excusing the delay. Accordingly, the district court did not err by finding the State was prejudiced by the delay in filing and dismissing her claims regarding the involuntary administration of drugs. See Harris v. Pulley, 885 F.2d at 1367.
 
 III
 Involuntary Plea
 
 13
 Vivian contends that her guilty plea was involuntary because she was drugged and because she was induced to plead guilty by the promise that she would serve only eight years of her 18-year to life sentence. We disagree.
 
 
 14
 When accepting a guilty plea, the trial court must assure itself that the defendant is competent to stand trial, i.e., able to understand the proceedings and assist counsel, and that her plea is knowing and voluntary. Godinez v. Moran, 113 S.Ct. 2680, 2687 (1993). Whenever the trial judge entertains or reasonably should entertain a good faith doubt as to the defendant's ability to understand the nature and consequences of entering a plea of guilty, due process requires the court hold a hearing, sua sponte on the defendant's competence to plead guilty. See Blazak v. Ricketts, 1 F.3d 891, 893 & n. 1 (9th Cir.1993), cert. denied, 114 S.Ct. 1866 (1994); Chavez v. United States, 656 F.2d 512, 519 (9th Cir.1981).
 
 
 15
 Here, although Vivian asserts that she was in a "drugged stupor" at the time that she entered her guilty plea, she failed to present evidence to support her claim.[1] The transcript reveals that Vivian responded to each of the court's inquiries in an appropriate fashion. Moreover, contrary to her assertion that she was in a drugged stupor, Vivian remembered without prompting that she had been on probation at the time of her arrest.
 
 
 16
 Finally, Vivian told the court that no threats or promises had been made to induce her plea. While the state court advised Vivian that she might be released from prison after eight years of her sentence, it explicitly warned her that her release date would be determined by the state prison authority because she had received a life sentence. Vivian responded that she understood that the state prison authority possessed the authority to determine the date of her release from prison.
 
 
 17
 Although the state court did not inquire whether Vivian was under the influence of alcohol or drugs at the change of plea hearing, the transcript reveals that Vivian responded appropriately throughout the course of the hearing. Accordingly, because the transcript of the plea hearing reveals no evidence that Vivian was under the influence of drugs or that her plea resulted from the misapprehension that she would serve only eight years in prison, the district court did not err by finding that Vivian's plea was voluntary. See Ricketts, 1 F.3d at 893; Chavez, 656 F.2d at 519; see also Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (statements made in open court at time of plea carry a strong presumption of verity).
 
 III
 Trial Issues
 
 18
 Vivian contends that she is being held in violation of her constitutional rights because of prosecutorial misconduct before and during, the erroneous admission of evidence and the use of perjured testimony, and because she was denied a free trial transcript. We do not reach these issues.
 
 
 19
 "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). Therefore, in a section 2254 petition, a defendant who pleads guilty is limited to alleging that her plea was not voluntary and intelligent or that she received ineffective assistance of counsel. See id.; Mabry v. Johnson, 467 U.S. 504, 508 (1984).
 
 
 20
 Here, because Vivian was convicted after her guilty plea to second degree murder and it is that conviction which gives rise to the deprivation of liberty at issue, she is precluded from raising any issues regarding errors made during her trial. See Broce, 488 U.S. at 569; Mabry, 467 U.S. at 508.
 
 IV
 Ineffective Assistance of Counsel
 
 21
 Vivian contends that she was denied effective assistance of counsel during her trial and at the time she entered her guilty plea. We disagree.
 
 
 22
 A defendant who enters a guilty plea on advice of counsel may attack the voluntary and intelligent character of the plea by showing that counsel acted incompetently by advising defendant to accept the plea. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989). To establish that counsel was ineffective during plea proceedings, the two-part test of Strickland v. Washington, 466 U.S. 668 (1984), applies. Hill v. Lockhart, 474 U.S. 52, 57 (1985). Thus, the defendant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, she would not have pleaded guilty. Hill, 474 U.S. at 58; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 S.Ct. 940 (1991).
 
 
 23
 Here, to the extent that Vivian asserts that counsel's conduct at trial fell below the range of competent assistance, her claim must fail because such conduct is irrelevant to the constitutionality of her custody which occurred as a result of her guilty plea. See United States v. Broce, 488 U.S. 563, 569 (1989); Mabry v. Johnson, 467 U.S. 504, 508 (1984). Moreover, we note that the transcript of the plea proceedings reveals no evidence suggesting that Vivian felt compelled to plead guilty because of counsel's actions at trial. See Doran v. Wilson, 369 F.2d 505, 506-07 (9th Cir.1966) (guilty plea induced by a violation of a fundamental constitutional right is not voluntary).
 
 
 24
 To the extent that Vivian asserts that she was denied effective assistance of counsel during the plea proceedings, her claim also fails. Vivian was charged with first degree murder, personal use of a firearm in connection with the offense and having a prior felony conviction. Under the terms of the plea agreement, Vivian pleaded guilty to second degree murder and received a stipulated sentence of 18 years to life. Vivian's attorney informed the court that he had discussed the plea with Vivian and that she was willing to enter the plea. Accordingly, counsel's recommendation that Vivian plead guilty to a reduced charge with stipulated sentence did not fall below an objective standard of reasonableness. See Doganiere, 914 F.2d at 168. Thus, the district court did not err by denying Vivian's claim of ineffective assistance of counsel. See Hill, 474 U.S. at 56-7.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Vivian's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of the circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Vivian included a letter by a private investigator and a handwritten note apparently written by her attorney indicating that Vivian was taking Mellarill and possibly Xanax, these notes do not support her claim that she was in a drugged stupor at the change of plea hearing. Vivian pleaded guilty on February 10, 1987. The letter from the private investigator is dated August 14, 1986 and the handwritten note is undated but appears to have been from the initial client interview. Accordingly, Vivian has failed to present evidence supporting her assertion that she was in a drugged stupor