**UNITED STATES OF AMERICA,
Plaintiff–Appellee,**

v.

**John Jeffrey VON MOOS,
Defendant–Appellant.**

**No. 97–50407.
D.C. No. CR–96–666–RMT.**

United States Court of Appeals,
Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Feb. 15, 2001.*

Decided March 2, 2001.

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.**

MEMORANDUM ***

John Jeffrey Von Moos ("appellant") appeals his convictions for armed bank rob-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

bery and using and carrying a firearm during a crime of violence after proceeding pro se before the Court without a jury. Appellant claims that his *Faretta* waiver of counsel and his jury waiver were not knowing, intelligent, and voluntary, and that his court appointed psychiatrist was not competent. We affirm.

▮ Although a criminal defendant is entitled to representation by counsel at all stages of a criminal proceeding, he or she has the right to waive assistance of counsel and proceed pro se. *Faretta v. California,* 422 U.S. 806, 833, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To waive the right to counsel, a defendant must make a knowing and intelligent decision that represents an exercise of informed free will. *Id.* at 809–810, 95 S.Ct. 2525. A proper waiver occurs only when the defendant has been made aware of 1) the nature of the charges against him; 2) the possible penalties; and 3) the dangers and disadvantages of self-representation. *United States v. Farhad,* 190 F.3d 1097, 1099 (9th Cir.1999). In this case appellant concedes that he understood the nature of the charges against him. He was also informed of the possible penalties at his initial appearance (that he faced a range of 324 to 405 months and he might fall into the category of a career offender, SER 15–17) and later by the trial judge at a status conference (that he faced a maximum penalty of 45 years, ER 200–201). The record also demonstrates that appellant was made aware of the dangers and disadvantages of self-representation by two different magistrate judges and by the trial judge. ER 13–14, 18, 44, 47–48, 200–203, 214–216. Accordingly, the trial judge's conclusion, that appellant knowingly, intelligently and voluntarily waived his right to counsel, is fully supported by the record.

▮ The record further demonstrates that appellant knowingly and intelligently waived his right to a jury trial. This right may be waived if four conditions are satisfied: 1) the waiver is in writing; 2) the government consents; 3) the trial court accepts the waiver; and 4) the waiver is made voluntarily, knowingly, and intelligently. *United States v. Duarte–Higareda,* 113 F.3d 1000, 1002 (9th Cir.1997). Appellant's express waiver to a jury trial in open court, on the record, satisfies the written requirement of Rule 23(a). *See* ER 29–30; *Brown v. Burns,* 996 F.2d 219, 221 (9th Cir.1993). The government also consented on the record. ER 29–30. The trial court advised the appellant that a jury trial would require a unanimous decision by twelve people whereas in a bench trial only one person, the court, would render a decision. ER 30. Appellant also consulted with his standby counsel regarding his decision to waive the jury. *Cf. United States v. Lopez–Osuna,* 232 F.3d 657 (9th Cir.2000) (although not determinative, assistance by competent advisory counsel is a factor to consider in determining whether defendant understood the charges against him). Finally, viewing Von Moos' repeated assertions that in light of his previous trials for the identical charges he was aware of what he was doing, and considering the record as a whole, Von Moos' jury waiver was knowingly, intelligently, and voluntarily made.

The Court appointed a psychiatrist to examine appellant. After the first psychiatrist found the appellant competent, the appellant sought a second opinion, claiming the first psychiatrist was incompetent. Appellant fails to make even a threshold showing that Dr. St. Martin was incompetent; to the contrary he was licensed, ex-

perienced and qualified. *See Harris v. Vasquez,* 949 F.2d 1497 (9th Cir.1991).

AFFIRMED.

