# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-3099

_____

United States of America,     *
    *
       Appellee,     *    Appeal from the United States
    *    District Court for the
    v.     *    Western District of Missouri.
    *
Demario B. Griffin,     *       [UNPUBLISHED]
    *
       Appellant.     *

_____

Submitted: September 3, 2010
Filed: September 29, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Demario Griffin appeals from the judgment of the District Court,[1] entered after a bench trial, finding him guilty of being a felon in possession of ammunition, 18 U.S.C. §§ 922(g)(1), 924(e)(1), and sentencing him to 327 months in prison and five years of supervised release. For reversal, Griffin challenges the voluntariness of his jury-trial waiver, the sufficiency of the evidence, and the application of a sentencing enhancement based upon his status as an armed career criminal. For the reasons that follow, we affirm.

_____

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

The Sixth Amendment right to a jury trial in a criminal case, though fundamental, Duncan v. Louisiana, 391 U.S. 145, 149 (1968), is a right that a defendant can waive, Fed. R. Crim. P. 23(a) (noting that a defendant's jury-trial waiver must be in writing, with government consent and court approval); see also United States v. Williams, 559 F.3d 607, 609 (7th Cir. 2009) ("For the defendant's waiver to be valid, it must be voluntary, knowing, and intelligent."), cert. denied, 130 S. Ct. 1137 (2010); Fitzgerald v. Withrow, 292 F.3d 500, 504 (6th Cir.) (noting that the Constitution does not require that a jury-trial waiver take any particular form), cert. denied, 537 U.S. 1009 (2002). In this case, Griffin requested a waiver through counsel in a written motion. Testimony at a hearing on his motion demonstrated that Griffin knowingly and voluntarily elected to waive his right to a jury trial in accordance with his counsel's advice, which was based in part on counsel's concern that a jury would be improperly influenced by Griffin's history of domestic assaults. See United States v. Diaz, 540 F.3d 1316, 1322 (11th Cir. 2008) (per curiam) (explaining that the adequacy of a jury-trial waiver is a mixed question of fact and law that is reviewed de novo); Brown v. Burns, 996 F.2d 219, 221 (9th Cir. 1993) (per curiam) (noting that compliance with Rule 23(a)'s writing requirement provides "the best record evidence of a defendant's express consent"). The waiver was also made with the government's consent and the District Court's approval.

At trial, the evidence established that law enforcement officers responded to a 911 call. In the course of looking for a gun that Griffin allegedly brandished while assaulting his girlfriend, the officers found ammunition in a bedroom closet at the home shared by Griffin and his girlfriend. According to a detective who interviewed Griffin after advising him of his rights, Griffin admitted that the ammunition found in the bedroom closet belonged to him and indicated that he was unaware that as a convicted felon, he was not allowed to have ammunition. There were later claims that the ammunition belonged to the girlfriend and that Griffin was not living with her at the time of the assault. But the detective's testimony about Griffin's initial admission, Griffin's stipulation that he had been convicted of a crime punishable by a term of

imprisonment exceeding one year, and undisputed evidence that the ammunition had traveled in interstate commerce were sufficient to support the verdict.  See 18 U.S.C. § 922(g); United States v. Thompson, 285 F.3d 731, 733 (8th Cir. 2002) (reviewing de novo a district court's denial of a motion for judgment of acquittal, viewing the evidence in the light most favorable to the verdict and according that evidence all reasonable inferences); United States v. Moore, 212 F.3d 441, 445 (8th Cir. 2000) (noting that the court of appeals does not reweigh the evidence or judge the credibility of witnesses and concluding that the evidence was sufficient to support a felon-in-possession conviction where an officer testified that the defendant admitted post-arrest that the gun found in a bedroom belonged to him); United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996) (explaining that possession may be either actual or constructive, and "[c]onstructive possession exists when a person has ownership, dominion, or actual control over the contraband").

As for Griffin's sentence, to the extent he preserved his challenges to the armed-career-criminal enhancement, we find no error.  See 18 U.S.C. § 924(e) (requiring that a person who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense be imprisoned not less than fifteen years); U.S.S.G. § 4B1.4; United States v. Jones, 574 F.3d 546, 549 (8th Cir. 2009) (standards of review).  Griffin's qualifying convictions include his Missouri convictions for first-degree felony domestic assault, second-degree felony domestic assault, and possession with intent to distribute a controlled substance, the last of which occurred when Griffin was age seventeen but had been certified as an adult.

The judgment is affirmed.  Griffin's pending motions are denied.

_____