**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Nikia Timothy STRIET, aka Nickolaus Richard Bakke, Defendant—Appellant.**

**No. 04–30179.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 1, 2005.

Decided Aug. 30, 2005.

———

Joanne Y. Maida, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Allen M. Ressler, Esq., Browne & Ressler, Seattle, WA, for Defendant–Appellant.

Before: NOONAN, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Timothy Striet appeals the district court's decision that his three prior state court convictions qualified as "violent felonies" for purposes of the Armed Career Criminal Act ("ACCA").¹ Because of the ACCA designation, Striet was subject to a sentence of not less than fifteen years, and was subsequently sentenced to 188 months' imprisonment following his plea of guilty to violating 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We take judicial notice of the Certification for Determination of Probable Cause ("CDPC"),² which clearly establishes that Striet's assault conviction "involve[d] conduct that present[ed] a serious potential risk of physical injury to another."³ It is immaterial that Striet now disputes the allegations in the CDPC, because in the plea agreement from his assault conviction he stipulated to those allegations for purposes of sentencing in state court.⁴

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  18 U.S.C. § 924(e)(1).

2.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir.2002) ("We may take judicial notice of the relevant state court documents, because those documents have a direct relationship to Smith's appeal."). It is undisputed that the

CDPC was part of the state court record in Striet's assault conviction. Accordingly, the Government's motion to supplement the record is moot.

3.  18 U.S.C. § 924(e)(2)(B)(ii).

4.  *See Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir.2005) ("We conclude that, by explicitly incorporating the [CDPC] into his guilty plea, Parrilla ... admitted the facts

The indictments and guilty pleas pertaining to Striet's burglary convictions indicate that he entered buildings "with common street addresses." [5] Thus, we also count both of Striet's burglary convictions as "violent felonies" under ACCA.

The clear and convincing standard may be applicable when determining whether there was *in fact* a prior conviction, *not* whether the conviction is an ACCA-qualifying offense.[6] Here, there is no question that Striet was convicted of burglary. The only issue is whether that conviction qualifies as a "violent felony" under ACCA, an issue of law that we have reviewed de novo and decided above. Finally, the Government did not have to prove to a jury the fact of Striet's prior convictions beyond a reasonable doubt under *Apprendi v. New Jersey,*[7] even though the district court used the modified categorical approach.[8]

AFFIRMED.

---

[therein] and rendered it judicially noticeable for the purpose of applying the modified categorical approach.").

5. *United States v. Kilgore,* 7 F.3d 854, 856 (9th Cir.1993) (burglary conviction qualified as "generic burglary" under ACCA where indictment and guilty plea provided defendant entered buildings "with common street addresses").

6. *See United States v. Bonilla–Montenegro,* 331 F.3d 1047, 1049–50 (9th Cir.2003) (clear and convincing standard applies to issue of whether the defendant had in fact been convicted; whether prior conviction is an "aggra-

vated felony" under the Guidelines is legal issue reviewed de novo).

7. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

8. *United States v. Smith,* 390 F.3d 661, 666 (9th Cir.2004) (district court did not determine more than the "fact of a prior conviction" in employing the modified categorical approach), *amended by* 405 F.3d 726 (9th Cir.2005).

