# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1578

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Charles Weissinger, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 1, 2008
Filed: February 5, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Charles Weissinger pleaded guilty to possessing a firearm after having three previous felony convictions for burglary, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court[1] sentenced Weissinger at the top of his advisory Guidelines range to 235 months in prison, plus 3 years of supervised release. On appeal, Weissinger's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967).

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Weissinger has moved for new counsel. For the reasons discussed below, we grant counsel's motion, deny Weissinger's motion, and affirm.

Counsel argues that Weissinger's prior burglary convictions should not be considered violent felonies within the meaning of section 924(e). Reviewing for plain error, *see United States v. Patterson*, 481 F.3d 1029, 1034 (8th Cir. 2007) (failure to raise issue at sentencing results in plain-error review on appeal), we conclude that the district court did not plainly err in enhancing Weissinger's sentence based on his prior burglary convictions, *see* 18 U.S.C. § 924(e)(2)(B)(ii) (definition of "violent felony" includes burglary); Mo. Rev. Stat. § 569.170 (person commits crime of burglary in second degree when he knowingly enters unlawfully or knowingly remains unlawfully in building or inhabitable structure for purpose of committing crime therein); *Taylor v. United States*, 495 U.S. 575, 599 (1990) (concluding that person has been convicted of burglary for purposes of § 924(e) enhancement if he is convicted of any crime, regardless of exact definition or label, having basic elements of unlawful or unprivileged entry into, or remaining in, building or structure, with intent to commit crime).

Counsel also argues that the sentence is unreasonable because the district court relied too heavily on Weissinger's criminal history. Upon careful review, we conclude that the sentence is not unreasonable. *See United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (standard of review).

After carefully reviewing the record in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, deny Weissinger's motion for new counsel, and affirm.

_____