**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Angel GODINEZ–ALCARAZ,
Defendant–Appellant.**

No. 07–10429.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2008.

Filed July 22, 2008.

Merry Jean Chan, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Angel Godinez–Alcaraz, pro se.

Kari Elisabeth Hong, Law Offices of Kari E. Hong, Portland, OR, for Defendant–Appellant.

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and FAIRBANK,* District Judge.

MEMORANDUM **

Angel Godinez–Alcaraz ("Godinez–Alcaraz") appeals the sentence imposed follow-

---

* The Honorable Valerie Baker Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326. Godinez–Alcaraz argues the district court: (1) erred in applying a 16–level enhancement under U.S.S.G § 2L1.2(b)(1)(A); and (2) committed procedural error in imposing his sentence by improperly presuming the Guidelines sentence was reasonable and by failing to adequately explain its reasons for imposing the sentence. Godinez–Alcaraz did not raise these objections in the district court. We therefore review for plain error. *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006). We affirm.

■■■■ Godinez–Alcaraz first contends the district court erred in applying an enhancement under § 2L1.2(b)(1)(A)·based upon convictions identified in the Presentence Report ("PSR"). As Godinez–Alcaraz asserts, the statutes upon which the convictions were based were not cited in the PSR and the Government failed to provide to the district court any judicially-noticeable evidence from the record of conviction which would establish Alcaraz had been convicted of a predicate offense. The district court therefore plainly erred. *See United States v. Pimentel–Flores,* 339 F.3d 959, 967 (9th Cir.2003). This error, however, does not affect Godinez–Alcaraz's substantial rights. We take judicial notice of an abstract of judgment establishing his March 23, 2004 conviction for a violation of California Health and Safety Code § 11351.5. *See United States v. Black,* 482 F.3d 1035, 1041 (9th Cir.2007); *United States v. Valle–Montalbo,* 474 F.3d 1197, 1201–02 (9th Cir.2007) (abstracts of judgment may be considered to establish the fact of conviction). Section 11351.5 "categorically qualifies as a predicate drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)." *United States v. Morales–Perez,* 467 F.3d 1219, 1223 (9th Cir. 2006). This offense is a "felony," deporta-

tion was after the conviction, and the abstract of judgment establishes the sentence imposed was greater than 13 months. *See* § 2L1.2(b)(1)(A)(i); *United States v. Sandoval–Sandoval,* 487 F.3d 1278, 1279–80 (9th Cir.2007) (abstract of judgment may be used to determine length of sentence imposed).

Additionally, we find the district court committed no further procedural error in sentencing Godinez–Alcaraz. There is nothing on the record to indicate the district court improperly presumed the Guidelines sentence was reasonable. Nor did the district court fail to adequately explain the sentence imposed. The district court did not discuss every factor enumerated in 18 U.S.C. § 3553(a) on the record. However, "[w]here a matter is conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments . . . the law [does not require] the judge to write more extensively." *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007).

**AFFIRMED.**