# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2851

_____

United States of America,

        Appellee,

v.

Ortez Jones,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: February 10, 2009
Filed:  July 24, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Ortez Jones pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Finding that Jones was an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the district court[1] sentenced him to the statutory mandatory minimum of 15 years imprisonment.  On appeal, Jones challenges the district court's imposition of the ACCA enhancement on various grounds.  We affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

# I.

On May 28, 2008, Jones pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment also alleged that Jones was an armed career criminal punishable under the ACCA. See 18 U.S.C. § 924(e). The presentence investigation report (PSR) classified him as an armed career criminal subject to the mandatory minimum 15-year sentence under the ACCA because he had at least three prior "violent felony" convictions. See id. § 924(e)(1) (providing that "a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense" is subject to a mandatory minimum prison sentence of 15 years). Specifically, the PSR identified the following Missouri convictions as predicate violent felonies: (1) a 2001 conviction for robbery second-degree, (2) another 2001 conviction for robbery second-degree, (3) a 2002 conviction for stealing a motor vehicle, (4) a 2005 conviction for domestic assault second-degree, and (5) another 2005 conviction for domestic assault second-degree.

In Jones's written objections to the PSR, he objected to the application of the ACCA sentence enhancement, asserting that he did not meet the statutory criteria of having three prior violent felonies. (Gov't App. 58.) With respect to his two prior felony domestic assault convictions, Jones stated:

> Defendant submits that the only prior conviction he has which can be counted as a § 924(e) predicate is the second degree domestic assault. While he was convicted of two counts, these were incurred in the same case, . . . and should only be considered to be one offense inasmuch as they involved the same conduct against the same victim.

(Id. at 61.)

At sentencing, Jones objected to the district court determining whether his prior convictions constituted violent felonies for purposes of the ACCA enhancement,

asserting that his Sixth Amendment right to a jury trial required that a jury make the determination. The district court denied the objection. Jones then objected to his classification as an armed career criminal, admitting the prior convictions listed in the PSR but asserting that they did not amount to three violent felonies. With respect to the robbery convictions, Jones asserted that neither offense constituted a violent felony because, although they otherwise constituted violent felonies, the district court should not consider them as such because Jones committed the offenses at age 15 and without a weapon. The district court rejected this argument, noting that it was undisputed that Jones was certified as an adult and that the crimes were punishable by imprisonment for a term exceeding one year. See 18 U.S.C. § 924(e)(2)(B).

With regard to the domestic assault convictions, Jones conceded that domestic assault was a violent felony. When the government sought to admit Government's Exhibit 3, containing the indictment underlying both domestic assault convictions, the district court denied the request. (Sentencing Tr. 67.) The government proffered the indictment a second time "for purposes of this hearing as [an] exhibit[][,]" but the district court, noting the matter was not in dispute, again denied the government's request. (Id.) Jones did argue that his domestic assault convictions should only count as one violent felony because, although the offenses occurred on different dates (about four months apart), they involved the same victim. The district court rejected this contention, noting that the offenses occurred at different times.

The district court declined to address whether the conviction for stealing a vehicle constituted a violent felony but determined that, with the robbery and domestic assault convictions, Jones had the three predicate violent felonies requiring the application of the ACCA enhancement, i.e. a mandatory minimum prison sentence of 15 years. See 18 U.S.C. § 924(e)(1). Therefore, the district court sentenced Jones to a prison term of 15 years. Jones brings this appeal.

II.

Jones challenges the district court's application of the ACCA sentencing enhancement, asserting that: (1) he lacked the three predicate ACCA offenses because his domestic assault convictions do not constitute violent felonies, (2) the application of the ACCA enhancement on the basis of crimes committed when he was 15 years old, without a weapon, violates the Eighth Amendment, and (3) the district court's determination that his prior convictions were violent felonies violated his Sixth Amendment right to a jury trial. We address each in turn.

A.

Jones contends, for the first time on appeal, that his domestic assault convictions do not qualify as violent felonies for purposes of the ACCA. "We review de novo a district court's determination that a defendant's prior conviction constitutes a violent felony for the purposes of § 924(e)." United States v. Boaz, 558 F.3d 800, 806 (8th Cir. 2009). However, when a defendant does not raise this issue in the district court, we review for plain error. United States v. Weissinger, 262 F. App'x 727, 727 (8th Cir. 2008) (unpublished per curiam); see United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) (providing that failure to raise issue at sentencing results in plain-error review on appeal). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Moore, 565 F.3d at 437 (quotation omitted). Even if the defendant makes such a showing, "an appellate court may exercise its discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted).

> There are three ways in which a conviction can be a "violent felony" under § 924(e): (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) it "is burglary, arson, or extortion, [or] involves the use of explosives," or (3)

it "otherwise involves conduct that presents a serious potential risk of physical injury to another."

United States v. Gonzales, 558 F.3d 1193, 1199 (10th Cir. 2009) (quoting 18 U.S.C. § 924(e)(2)(B)); see also Chambers v. United States, 129 S. Ct. 687, 691 (2009) (recognizing these three definitions of "violent felony" under the ACCA).

> The first step in determining whether a crime constitutes a violent felony under the ACCA is to identify the proper category for which the defendant was convicted. Where the statute underlying a defendant's conviction criminalizes only one kind of behavior, our task is easy-that single category becomes the subject of the ACCA inquiry. Where, however, the statute of conviction criminalizes multiple kinds of behavior, we must identify the proper category that embraces the defendant's conviction. Accordingly, a sentencing court "may look . . . to [the] charging document, plea agreement, jury instructions, or transcript of plea colloquy to determine [the] crime at issue."

United States v. Wilson, 568 F.3d 670, 672 (8th Cir. 2009) (citations omitted) (quoting Chambers, 129 S. Ct. at 691).

Jones concedes that he "was previously convicted of . . . two counts of felony second-degree assault, a violation of Mo. Rev. Stat. § 565.073." (Appellant's Br. 8-9.) Section 565.073 provides that:

> 1. A person commits the crime of domestic assault in the second degree if the act involves a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo, and he or she:
>
> (1) Attempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use

of a deadly weapon or dangerous instrument, or by choking or strangulation; or

(2) Recklessly causes serious physical injury to such family or household member; or

(3) Recklessly causes physical injury to such family or household member by means of any deadly weapon.

2. Domestic assault in the second degree is a class C felony.

Mo. Rev. Stat. § 565.073. Because Jones did not challenge the decision of the district court that a conviction pursuant to Missouri Revised Statute section 565.073 was a violent felony at sentencing (only that his domestic assault convictions should constitute one violent felony as opposed to two), the court never addressed which (if any) of the ACCA definitions the Missouri domestic assault convictions met.

In Begay v. United States, 128 S. Ct. 1581 (2008), the Supreme Court addressed the third definition of "violent felony" under the ACCA–conduct that "presents a serious potential risk of physical injury to another." Id. at 1584 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). The Court determined that the third definition does not include *all* crimes that pose a serious risk of physical injury to another. Id. at 1584-85. Rather, it covers only crimes that, in addition to posing such a risk, are "similar" to the ACCA's "listed examples–burglary, arson, extortion, or crimes involving explosives" in that they "typically involve purposeful, violent, and aggressive conduct." Id. at 1584-86 (quotation omitted). Applying this standard, the Court concluded that a New Mexico conviction for driving under the influence of alcohol was not a violent felony for purposes of 18 U.S.C. § 924(e). Id. at 1588. Following Begay, "we have held that an offense is a violent felony under the residual clause if it [ordinarily] poses a similar degree of risk of physical injury *and* . . . typically involves conduct that is similarly purposeful, violent and aggressive when compared

to the conduct involved in . . . the example crimes." <u>Wilson</u>, 568 F.3d at 673 (quotation omitted); <u>see</u> <u>Begay</u>, 128 S. Ct. at 1585-86.

Jones argues that, after <u>Begay</u>, crimes with a mens rea of recklessness cannot constitute a violent felony. Here, the Missouri domestic assault second-degree statute criminalizes both purposefully causing (or attempting to cause) physical injury and recklessly causing serious physical injury. <u>See</u> Mo. Rev. Stat. § 565.073. In light of this, Jones asserts that, because the sentencing record does not establish which subsection of section 565.073 he violated, his domestic assault convictions cannot be considered violent felonies. Therefore, Jones contends that he does not have three predicate ACCA offenses and that the district court erred in applying the enhancement. Jones is correct in asserting that some circuits have interpreted <u>Begay</u> to limit the mens rea a crime must have in order to qualify as a violent felony. <u>See</u> <u>United States v. Smith</u>, 544 F.3d 781, 785-86 (7th Cir. 2008) (holding that post-<u>Begay</u> crimes of recklessness are not violent felonies under the ACCA); <u>United States v. Gray</u>, 535 F.3d 128, 132 (2d Cir. 2008) (holding that "reckless endangerment" is not a crime of violence because the statute "on its face does not criminalize purposeful or deliberate conduct"). <u>But see</u> <u>Begay</u>, 128 S. Ct. at 1590 (Scalia, J., concurring) (noting that "one of the enumerated crimes [in section 924(e)(2)(B)(ii)]-the unlawful use of explosives-may involve merely negligent or reckless conduct"). However, the Eighth Circuit has not held that crimes with a mens rea of recklessness cannot constitute violent felonies, and this panel need not address this issue here.

The government proffered the charging documents underlying Jones's domestic assault convictions at sentencing, but the documents were not admitted because Jones conceded that a Missouri domestic assault second-degree conviction was a violent felony. (Sentencing Tr. 67, 76-77.) The government has submitted the indictment charging both of Jones's domestic assault offenses to this court. (Gov't App. 32-34.)

We think it appropriate to take judicial notice[2] of the indictment on the unique facts of this case–where the defendant conceded below that a Missouri second-degree domestic assault conviction constituted a violent felony, the government twice proffered the indictment underlying the domestic assault convictions to the district court, the district court refused admission of the document as a result of the defendant's concession, the government has submitted the indictment to us, and the defendant does not challenge the validity of the indictment.[3]

---

[2]"'Judicial notice may be taken at any stage of the proceeding,' including on appeal, as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assocs., Ltd., 61 F.3d 197, 205 (3d Cir. 1995) (citation omitted) (quoting Fed. R. Evid. 201(f)); see Gustafson v. Cornelius Co., 724 F.2d 75, 79 (8th Cir. 1983) ("An appellate court may take judicial notice of a fact for the first time on appeal." (citing 21 C. Wright & K. Graham, Federal Practice and Procedure § 5110, at 524-25 (1977 & Supp. 1982))).

[3]We do so even though the document was not relied on in sentencing by the district court and has not been made a part of the record on appeal. See United States v. Remoi, 404 F.3d 789 (3d Cir. 2005). In Remoi, the Third Circuit took judicial notice of the charging instrument on which the defendant was convicted in the state court in order to determine whether the state conviction fit within the Guidelines' definition of "crime of violence," even though the district court did not take account of the charging instrument when sentencing the defendant. Id. at 792-93, 793 n.1; see United States v. Wilson, 562 F.3d 965, 967-68 (8th Cir. 2009) (noting that the definitions of crime of violence and violent felony are "nearly identical" such that "we treat the two as interchangeable" (quotation omitted)). In doing so, the Third Circuit stated, "Although the District Court's analysis did not take account of this judicial record, it would be pointless to remand the case simply to have the District Court take notice of that which we may notice ourselves." Id. at 793 n.1; see United States v. Striet, 146 F. App'x 884, 885-86 (9th Cir. 2005) (unpublished memorandum) (determining that defendant's prior assault conviction constituted a violent felony by taking judicial notice of certification for determination of probable cause (CDPC) that was part of state-court record underlying the conviction because allegations in the CDPC, which the defendant stipulated to for sentencing purposes in state court, established that conviction was a violent felony); see also United States v. Godinez-Alcaraz, 286 F. App'x 981, 982 (9th Cir. 2008) (unpublished memorandum) (taking judicial notice of an abstract of judgment establishing defendant's prior state

Here, the indictment provides that:

## COUNT I

[T]he defendant, in violation of Section 565.073, RSMo, committed the class C felony of domestic assault in the second degree, punishable upon conviction under Section 558.011 and 560.011, RSMo, in that on or about May 15, 2005, in the City of St. Louis, *the [defendant] attempted to cause physical injury to Kimberly Garcia by choking her*, and Kimberly Garcia and defendant were family or household members in that Kimberly Garcia and defendant were adults who were or had been in a continuing social relationship of a romantic nature.

. . .

## COUNT III

[T]he defendant, in violation of Section 565.073, RSMo, committed the class C felony of domestic assault in the second degree, punishable upon conviction under Section 558.011 and 560.011, RSMo, in that on or about January 28, 20005 [sic], in the City of St. Louis, *the [defendant] attempted to cause physical injury to Kimberly Garcia by choking her*, and Kimberly Garcia and defendant were family or household members in that Kimberly Garcia and defendant were adults who were or had been in a continuing social relationship of a romantic nature.

(Gov't App. 32-33 (emphasis added).) Thus, the indictment demonstrates that Jones's prior domestic assault convictions were charged under subsection one of section 565.073.1 as both convictions involved choking. See Mo. Rev. Stat. § 565.073.1(1) (providing that "[a] person commits the crime of domestic assault in the second degree" by, among other things, "*[a]ttempt[ing] to cause or knowingly caus[ing]* physical injury to [a] family or household member . . . by choking" (emphasis added)).

conviction in order to determine that the prior conviction qualified as a predicate drug trafficking offense under United States Sentencing Commission, Guidelines Manual, §2L1.2(b)(1)(A) (Nov. 2008)).

-9-

Only subsections two and three of section 565.073.1 involve a mens rea of recklessness. Accordingly, the issue of whether a mens rea of recklessness disqualifies a crime from qualifying as a predicate offense under ACCA is not before us. Because attempting to choke a family or household member or knowingly causing physical injury to such a person by choking "[ordinarily] poses a similar degree of risk of physical injury *and . . .* typically involves conduct that is similarly purposeful, violent and aggressive," Wilson, 568 F.3d at 673 (quotation omitted), we hold that Jones's prior domestic assault convictions under section 565.073.1(1) constitute violent felonies. Therefore, the convictions qualify as predicate offenses under the ACCA.[4]

B.

Second, Jones challenges the use of his robbery convictions, committed while he was a juvenile and unarmed,[5] to increase his sentence under the ACCA. Jones submits that, in light of Roper v. Simmons, 543 U.S. 551 (2005), the application of the ACCA enhancement to his sentence violates the Eighth Amendment because it results in a sentence increase based on crimes that he committed as a juvenile. "We review federal constitutional questions de novo." United States v. Honken, 541 F.3d 1146, 1170 (8th Cir. 2008) (quotation omitted).

---

[4]We do not address whether the district court erred due to the fact that the record suggests that the court relied solely upon the PSR's characterization of the domestic assault offenses in determining that the convictions constituted violent felonies.

[5]There is no requirement under the ACCA that Jones be armed unless the offense is for juvenile delinquency, see 18 U.S.C. § 924(e)(2)(B) (providing that "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult" constitutes a violent felony), and thus the requirement is inapplicable to Jones's robbery-in-the-second-degree offenses.

When Jones was 15 years old, he committed two second-degree robbery offenses in violation of Missouri Revised Statute § 569.030. Jones concedes that his "certification as an adult and conviction for [the] felony robberies permit[s] an ACCA enhancement." (Appellant's Br. 17.) However, Jones asserts that this is in violation of Roper. That contention fails.

"Roper held that executing a person for conduct that occurred before the offender was eighteen violates the Eighth Amendment, but it permitted imposing a sentence of life imprisonment based on conduct that occurred when the offender was a juvenile." United States v. Salahuddin, 509 F.3d 858, 863 (7th Cir. 2007) (citing Roper, 543 U.S. at 560). "Roper does not deal specifically-or even tangentially-with sentence enhancement. It is one thing to prohibit capital punishment for those under the age of eighteen, but an entirely different thing to prohibit consideration of prior youthful offenses when sentencing criminals who continue their illegal activity into adulthood." United States v. Wilks, 464 F.3d 1240, 1243 (11th Cir. 2006); see also United States v. Mays, 466 F.3d 335, 340 (5th Cir. 2006) (stating that the Supreme Court's reasoning in Roper was based "in large measure on the 'special force' with which the Eighth Amendment applies when the state imposes the ultimate punishment of death"). Therefore, "the rationale of [Roper] applies only with limited, if any, force outside of the context of capital punishment." United States v. Feemster, 483 F.3d 583, 588 (8th Cir. 2007), vacated and remanded on other grounds, 128 S. Ct. 880 (2008); see also Wilks, 464 F.3d at 1243 ("Roper does not mandate that we wipe clean the records of every criminal on his or her eighteenth birthday.").

This court has held that "[a]lthough the execution of a juvenile is impermissible under the Eighth and Fourteenth Amendments, sentencing a juvenile to life imprisonment is not." Feemster, 483 F.3d at 588. This court went on to state that "sentencing an adult defendant to life imprisonment (or a long term of imprisonment) based, in part, on conduct occurring before the defendant turned eighteen is *not* proscribed by the Eighth and Fourteenth Amendments." Id. (emphasis added).

-11-

Because the Eighth Amendment does not prohibit using an adult conviction based on juvenile conduct to increase a sentence under the ACCA, Jones's argument must fail.

## C.

Jones's final contention is that the district court violated his Sixth Amendment right to a jury trial by determining that his prior convictions were predicate violent felonies under the ACCA. Jones concedes that this court has rejected this contention, see United States v. Mincks, 409 F.3d 898, 900-01 (8th Cir. 2005) (disapproving the defendant's contention that the district court violated his Sixth Amendment rights by enhancing his sentence under the ACCA without a jury determination that his [prior] offenses were violent felonies because "whether [a] prior conviction is a violent felony under the ACCA is distinctly a question of law for the court, not a jury"); United States v. Nolan, 397 F.3d 665, 667 n.2 (8th Cir. 2005) ("[T]he fact of a prior conviction is for the court to determine, not a jury."), but submits that our precedent is erroneous and that this panel should revisit the issue. However, we are bound by our prior authority establishing that the district court's application of the ACCA enhancement did not violate Jones's Sixth Amendment rights. See United States v. Lovelace, 565 F.3d 1080, 1085 (8th Cir. 2009) ("This panel is bound by Eighth Circuit precedent, and cannot overrule an earlier decision by another panel." (quotation omitted)).

## III.

For the reasons given, we affirm Jones's sentence.

_____