# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2863

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Joseph J. Wright, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 2, 2012
Filed: March 6, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct appeal, Joseph Wright challenges the 180-month prison term the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was subsequently found to be subject to an enhanced sentence under 18 U.S.C. § 924(e)(1) (in case of person who violates section 922(g) and has three previous convictions for violent felony or serious drug offense, or both, such person shall be imprisoned "not less than 15 years"). Wright's counsel has moved to withdraw, and has filed a brief under Anders

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

v. California, 386 U.S. 738 (1967), arguing that the district court's application of section 924(e) was improper because (1) Wright did not have three prior convictions that qualified under the statute as either a serious drug offense or a violent felony, and (2) Wright had been notified at his arraignment and at his change-of-plea hearing that he faced a maximum term of imprisonment of ten years.

Upon de novo review of the district court's application of section 924(e), see United States v. Jones, 574 F.3d 546, 549 (8th Cir. 2009) (standard of review), we first conclude that the district court correctly determined that Wright had at least three qualifying prior felony convictions, including two burglary convictions and a drug-distribution conviction, see 18 U.S.C. § 924(e)(2) (setting forth definitions for "serious drug offense" and "violent felony"). We further conclude that--because Wright was given the opportunity to withdraw his guilty plea at his sentencing hearing after he learned he was subject to the 15-year minimum prison term, but he chose at that time to maintain his guilty plea with full knowledge of the 15-year minimum--he cannot now challenge his sentence, or his underlying plea, based on the representations made at his arraignment or at his change-of-plea hearing. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal); see also United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006) (where defendant claimed, inter alia, that plea was not knowing and voluntary, claim was not cognizable on direct appeal because he had not attempted to withdraw plea in district court).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. We note, however, that the judgment incorrectly cites 18 U.S.C. § 924(c)(1), and we order that the judgment be corrected to substitute section 924(e)(1) for section 924(c)(1). See 28 U.S.C. § 2106 (appellate court may modify any judgment brought before it for review).

We affirm the judgment as modified, and we grant counsel leave to withdraw, subject to counsel informing Wright about the procedures for seeking rehearing and petitioning for a writ of certiorari.

_____