# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1613
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Montgomery

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 21, 2012
Filed: December 17, 2012
_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Robert Montgomery was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Montgomery was convicted after a jury trial and was sentenced to 188 months imprisonment. Montgomery

appeals his conviction, arguing that the district court[1] erred in denying his motion for acquittal. Montgomery also appeals his sentence, arguing that his prior Missouri conviction for second-degree domestic assault was not a predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that his sentence was both substantively unreasonable under 18 U.S.C. § 3553(a) and grossly disproportionate to his crime in violation of the Eighth Amendment.[2] We affirm.

I.

Early in the morning of June 21, 2010, officers from the Kansas City, Missouri, Police Department were dispatched to a report of shots fired. When Sergeant Gregory Williams arrived at the scene, he observed a red Dodge automobile riddled with bullet holes exiting an apartment complex. The car was driven by Montgomery, who was the sole occupant of the vehicle. Sergeant Williams began to follow the red Dodge, which soon drove away in excess of the speed limit and ran several stop signs.

After a few blocks, the red Dodge crashed into a parked car, and Montgomery fled on foot. Sergeant Williams pursued, and Montgomery was taken into custody about 100 yards from the crash site. After apprehending Montgomery, Sergeant Williams returned to the crash scene to check the car for any injured persons. Finding none, he conducted a second scan of the car with his flashlight and observed a Glock 17 9-mm pistol on the front seat of the vehicle. The gun was not loaded and did not

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

[2]In addition to the brief filed by his counsel, Montgomery also raises several additional issues in a pro se supplemental brief. "It is Eighth Circuit policy not to consider pro se filings when the appellant is represented by counsel." United States v. Halverson, 973 F.2d 1415, 1417 (8th Cir. 1992) (per curiam). However, we have reviewed the arguments in Montgomery's supplemental brief and find they are without merit.

contain a magazine. Montgomery was arrested after a computer check showed that he was a convicted felon.

Montgomery subsequently was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Montgomery pled not guilty and represented himself with stand-by counsel at trial. At the close of the Government's case in chief, Montgomery orally moved for a judgment of acquittal, which the district court denied. At the conclusion of trial, the jury convicted Montgomery.

The Presentence Investigation Report ("PSR") classified Montgomery as an armed career criminal based on three prior convictions for violent felonies or serious drug offenses, all in Missouri: second-degree assault in 1993, sale of a controlled substance in 1998, and second-degree domestic assault in 2007. This classification subjected Montgomery to a mandatory minimum sentence of 180 months under the ACCA. The PSR also applied an armed career criminal enhancement, United States Sentencing Commission, Guidelines Manual, §4B1.4 (Nov. 2012), raising Montgomery's offense level from 28 to 33. Montgomery's resulting Guideline range was 188 to 235 months. Montgomery filed pro se objections to several portions of the PSR, including the paragraph discussing his second-degree domestic assault conviction.

During sentencing, Montgomery elected to be represented by his stand-by counsel. The Government requested an upward variance to a sentence of 328 months. Montgomery's counsel argued he should not be subject to the armed career criminal enhancement or the ACCA mandatory minimum sentence because his second-degree domestic assault conviction was not necessarily a violent felony. Alternatively, Montgomery requested the mandatory minimum sentence of 180 months. The district court concluded that the PSR correctly calculated the Guideline range and imposed a sentence of 188 months, at the bottom of the Guideline range. Montgomery now appeals his conviction and sentence.

## II.

Montgomery challenges his conviction on the grounds of insufficient evidence. "We review challenges to the sufficiency of the evidence de novo, resolving all evidentiary conflicts in favor of, and accepting all reasonable inferences that support, the jury's verdict." United States v. Tucker, 689 F.3d 914, 918 (8th Cir. 2012). We will affirm the verdict "if any rational jury could have found the defendant guilty beyond a reasonable doubt." United States v. Ojeda-Estrada, 577 F.3d 871, 874 (8th Cir. 2009), cert. denied, 130 S. Ct. 1112 (2010).

Possession of a firearm by a convicted felon requires that the Government prove (1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce. 18 U.S.C. § 922(g)(1). Montgomery challenges only the second element, arguing that because there was no witness to his possession of the firearm and no fingerprint or DNA evidence linking him to the weapon, there was no evidence that he knowingly possessed the firearm.

"Constructive possession of a firearm . . . may be established with circumstantial evidence." See United States v. Butler, 594 F.3d 955, 965 (8th Cir. 2010). Here, Montgomery fled, first by vehicle and then on foot, when police began to follow his vehicle. Montgomery was the sole occupant of the vehicle at the time, and the pistol was discovered on the passenger seat in plain view. Even absent eyewitness or forensic evidence establishing possession, a jury could reasonably conclude from these facts that Montgomery was fleeing from police because he illegally possessed a firearm. See United States v. Varner, 678 F.3d 653, 657 (8th Cir. 2012) (holding that a juror could reasonably infer illegal possession of a firearm where a defendant fled from police, and also holding that forensic evidence is not necessary for a felon-in-possession conviction); see also United States v. Arrington,

215 F.3d 855, 856-57 (8th Cir. 2000) (upholding felon-in-possession conviction where driver fled after high speed chase and inventory search found a shotgun in the hatchback); United States v. Hiebert, 30 F.3d 1005, 1009 (8th Cir. 1994) (upholding felon-in-possession conviction where driver "had control over the rifle, as it was found in the vehicle that he was driving"). Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have found Montgomery guilty beyond a reasonable doubt.

## III.

Montgomery presents three challenges to his sentence. First, he argues that the district court erred by classifying his prior conviction in Missouri for second-degree domestic assault as a "violent felony" under the ACCA. Second, Montgomery argues that the application of the ACCA resulted in a sentence that was unreasonable in violation of 18 U.S.C. § 3553(a). Finally, Montgomery argues that his sentence was grossly disproportionate to his crime in violation of the Eighth Amendment.

## A.

Montgomery argues that his conviction for second-degree domestic assault in Missouri, Mo. Rev. Stat. § 565.073, should not be considered an ACCA predicate offense. Inappropriate application of the ACCA would constitute procedural error. See United States v. Walker, 555 F.3d 716, 721-22 (8th Cir. 2009). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009).

"The first step in determining whether a crime constitutes a violent felony under the ACCA is to identify the proper category for which the defendant was convicted." United States v. Wilson, 568 F.3d 670, 672 (8th Cir. 2009). "Where. . . the statute of

conviction criminalizes multiple kinds of behavior, we must identify the proper category that embraces the defendant's conviction." Id. Section 565.073 contains three subsections, criminalizing both purposeful and reckless behavior. Compare Mo. Rev. Stat. § 565.073.1(1) ("Attempts to cause or knowingly causes physical injury"), with Mo. Rev. Stat. §§ 565.073.1(2)-(3) ("Recklessly causes . . . physical injury"). In United States v. Jones, 574 F.3d 546, 552 (8th Cir. 2009), we held that a conviction for knowing second-degree domestic assault under subsection 565.073.1(1) constitutes a violent felony under the ACCA. We reject Montgomery's argument that the sentencing record is silent as to which subsection of 565.073 he violated, and instead find that his conviction arose under subsection 565.073.1(1), an ACCA predicate offense.[3]

Montgomery is correct that the judgment from his domestic assault conviction, which the Government introduced at trial, does not indicate which subsection of 565.073 he violated. The PSR, however, states that "[a]ccording to the charging

---

[3]Montgomery notes that Jones did not determine whether a conviction with a mens rea of reckless, including under subsection 565.073.1(2) or (3), would constitute an ACCA predicate offense. See Jones, 574 F.3d at 55. Based on our subsequent decision in Ossana, Montgomery argues that a conviction for reckless second-degree domestic assault under subsection 565.073.1(2) or (3) should not be considered a violent felony. See United States v. Ossana, 638 F.3d 895, 903 (8th Cir. 2011) (holding that an Arizona conviction of aggravated assault based on "merely reckless use of a vehicle" was not a "crime of violence"); see also United States v. Hennecke, 590 F.3d 619, 621 n.2 (8th Cir. 2010), cert. denied, 131 S. Ct. 78 (2010) ("[W]e construe the statutory term 'violent felony' and the Guidelines term 'crime of violence' as interchangeable.").

As in Jones, we do not reach this issue. Since we find that Montgomery's conviction was for knowing second-degree domestic assault under 565.073.1(1), we need not decide whether a conviction for reckless conduct under subsection 565.073.1(2) or (3) constitutes a violent felony under the ACCA.

-6-

document" for the domestic assault conviction, "the defendant knowingly caused physical injury . . . ." The only subsection of the Missouri statute that criminalizes knowing conduct is subsection 565.073.1(1), a violent felony under the ACCA. Jones, 574 F.3d at 552. "This court has repeatedly held that unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Oaks, 606 F.3d 530, 541 (8th Cir. 2010) (quotation and citation omitted); see also United States v. Menteer, 408 F.3d 445, 446 (8th Cir. 2005) (per curiam) (holding admitted facts in the PSR may establish that a prior conviction is an ACCA predicate offense). Thus, the PSR's description of Montgomery's domestic assault conviction, based on the charging documents,[4] was sufficient to classify the conviction as an ACCA predicate offense unless Montgomery objected to the "specific factual allegation" of knowing conduct. See Shepard v. United States, 544 U.S. 13, 16 (2005) (holding that charging documents may be used to determine whether prior conviction was ACCA predicate).

Montgomery argues that he did, in fact, object to the portion of the PSR describing his domestic assault conviction. However, after careful review of Montgomery's pro se objections to the PSR as well as his counsel's arguments during the sentencing hearing, we find that Montgomery did not object to the mens rea of his domestic assault conviction. Instead, Montgomery's pro se objection to the relevant portion of the PSR only challenged the "false language" that "inappropriately accused the defendant of possessing and/or being found in possession of a firearm by police officers responding to an alleged domestic assault." The presence or absence of a

---

[4]On appeal, the Government has provided the charging documents related to Montgomery's second-degree domestic assault conviction, which confirm that Montgomery was charged with "knowingly caus[ing] physical injury." (Add. to Br. of Appellee 5-11.) The Government requests that we take judicial notice of these documents, as we did in Jones. See 574 F.3d at 551. We deny this request as moot because we find that the PSR alone was sufficient to establish the subsection of Montgomery's conviction.

firearm during the crime has no bearing on the mens rea of Montgomery's domestic assault conviction. Similarly, although Montgomery's counsel argued at sentencing that a conviction with a reckless mens rea may not qualify as an ACCA predicate, counsel never challenged the PSR's conclusion that Montgomery's conviction was, in fact, for knowing conduct.

In sum, the unobjected-to facts of the PSR, based on the Shepard-qualifying charging documents, establish that Montgomery's conviction was for knowing second-degree domestic assault under subsection 565.073.1(1). Pursuant to Jones, 574 F.3d at 552, this conviction is a "violent felony" under the ACCA. Thus, we find no procedural error in sentencing Montgomery as an armed career criminal.

B.

Next, Montgomery argues that the application of the ACCA in his case resulted in an unreasonable sentence under 18 U.S.C. § 3553(a). We "review the 'substantive reasonableness of the sentence' under the abuse-of-discretion standard considering the totality of the circumstances." United States v. Alvizo-Trujillo, 521 F.3d 1015, 1017 (8th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).

"A sentence within the guideline range is given a presumption of substantive reasonableness on appeal." United States v. Norris, 685 F.3d 1126, 1128 (8th Cir. 2012) (per curiam) (quotation omitted). During sentencing, the district court judge thoroughly reviewed the factors contained in section 3553(a), concluded that a variation from the guideline range was not warranted, and sentenced Montgomery to 188 months. This sentence was at the bottom of the guideline range for his offense, and only eight months higher than the mandatory statutory minimum sentence of 180 months. Considering the totality of the circumstances, the district court did not abuse its considerable discretion in sentencing Montgomery to 188 months.

## C.

Finally, Montgomery argues that his sentence violates the Eighth Amendment. We review this issue de novo. United States v. Lee, 625 F.3d 1030, 1037 (8th Cir. 2010), cert. denied 132 S. Ct. 124 (2011). "[I]t is exceedingly rare for a noncapital sentence to violate the Eighth Amendment." Id. at 1037 (quotation and citation omitted). Montgomery's sentence is not one of those rare instances.

To the extent Montgomery challenges the constitutionality of the ACCA's mandatory minimum sentence of 180 months, this argument is foreclosed by prior decisions of this court. See United States v. Rudolph, 970 F.2d 467, 470 (8th Cir. 1992) (holding that the mandatory minimum sentence of 180 months under the ACCA does not violate the Eighth Amendment); see also United States v. Yirkovsky, 259 F.3d 704, 707 (8th Cir. 2001) (affirming imposition of ACCA's 180-month mandatory minimum sentence on felon possessing a single round of ammunition). This leaves only the eight-month difference between the mandatory minimum sentence (180 months) and Montgomery's actual sentence (188 months), which, as explained by the district court, was justified by the gravity of the offense, Montgomery's level of culpability, and his extensive criminal history. See United States v. Wiest, 596 F.3d 906, 911-12 (8th Cir. 2010), cert. denied, 131 S. Ct. 339 (2010). We conclude that Montgomery's sentence, which fell at the bottom of the guideline range and only eight months above the mandatory minimum, does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.

## IV.

Accordingly, we affirm.

_____

-9-