United States Court of Appeals

For the Eighth Circuit

_____

No. 13-1715

_____

United States of America

*Plaintiff - Appellee*

v.

Seab Nolen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 4, 2013
Filed: October 9, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Seab Nolen pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). After finding that Nolen was an

armed career criminal (ACC), the district court[1] sentenced him to 192 months in prison and 3 years of supervised release. On appeal, Nolen's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that the court erred by (1) denying Nolen new counsel, (2) denying Nolen's request to withdraw his guilty plea, (3) failing to hold a status conference on his motions for counsel and to withdraw his guilty plea, and (4) sentencing Nolen as an ACC. Counsel also raises claims of ineffective assistance. In his pro se supplemental brief, Nolen repeats some of these arguments, raises other ineffective-assistance arguments, and also argues that the court violated his right to a public trial when it closed the courtroom at his sentencing hearing.

Initially we decline to consider the ineffective-assistance arguments in this direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings). As to the remaining arguments, we conclude first that the court did not abuse its discretion in declining to appoint new counsel and in denying Nolen permission to withdraw his plea: the court gave him a full opportunity to air his concerns, but he failed to make the required showing to justify relief as to either matter. Further, we see no error in the court's failure to hold a status conference. See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (discussing withdrawal of guilty plea); United States v. Webster, 84 F.3d 1056, 1062 (8th Cir. 1996) (discussing motion to substitute court-appointed counsel).

Second, we conclude that Nolen was properly sentenced as an ACC based on the violent felonies in his criminal history. See 18 U.S.C. § 924(e)(2)(B); United States v. Jones, 574 F.3d 546, 549 (8th Cir. 2009) (de novo review). Third, upon careful review, we conclude that the sentence imposed was not unreasonable. See

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Fourth, Nolen has not demonstrated that the court committed plain error when it closed the courtroom for a short period of time to privately discuss with Nolen and his counsel the reasons for Nolen's pro se motion for appointment of new counsel and to withdraw his guilty plea. See United States v. Kamerud, 326 F.3d 1008, 1013 (8th Cir. 2003) (standard of review). Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no non frivolous issues for appeal.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____