# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3157

_____

United States of America

*Plaintiff - Appellee*

v.

Stacy Allen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 4, 2020
Filed: May 13, 2020
[Unpublished]

_____

Before LOKEN, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Stacy Allen appeals after he pleaded guilty to a firearm offense, and the district court[1] imposed a sentence within the advisory Guidelines range. In a brief filed under

_____

[1]The Honorable Robert F. Rossiter, United States District Judge for the District of Nebraska.

Anders v. California, 386 U.S. 738 (1967), Allen's counsel challenges his sentence as substantively unreasonable. After independently reviewing the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we directed the parties to submit briefs addressing the issue whether the district court plainly erred in applying a base offense level of 24, pursuant to USSG § 2K2.1(a)(2), because the presentence report (PSR) did not establish that Allen had, prior to committing any part of the instant offense, sustained two or more convictions of either a crime of violence or controlled substance offense. In its brief, the government argues that the district court correctly applied a base offense level of 24 because, when Allen committed the instant offense in December 2015, he had two prior Nebraska convictions for attempted possession with intent to deliver marijuana, one in 2012 and the other in February 2015. Although the PSR referred to Allen's 2015 conviction as "Attempt of Certain Felony Offense," the government indicates that state-court records in that case show Allen pleaded guilty to attempted possession with intent to deliver marijuana. Allen does not dispute that these convictions qualify as controlled substance offenses.

To begin, we take judicial notice of the state-court records relating to Allen's 2015 conviction, which clarify that the conviction was for attempted possession with intent to deliver marijuana. See Fed. R. Evid. 201(b) (court may judicially notice fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); see also United States v. Jones, 574 F.3d 546, 551 (8th Cir. 2009) (judicial notice may be taken on appeal if it is not unfair to party and does not undermine trial court's factfinding authority). Next, we conclude that the district court did not plainly err by applying a base offense level of 24 under section 2K2.1(a)(2). See Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904 (2018) (discussing plain-error review); see also USSG § 4B1.2(b) (controlled substance offense is, as relevant, offense under state law that prohibits possession of controlled substance with intent to distribute); id. cmt. (n.1) (controlled substance offense includes offense of attempting to commit such offense). Finally, we conclude that Allen's sentence is not substantively

unreasonable.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (discussing substantive reasonableness).  Accordingly, we affirm.

_____