# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2866
_____

United States of America,

*Plaintiff - Appellee*,

v.

Anthony Wings,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 6, 2024
Filed: July 3, 2024

_____

Before COLLOTON, Chief Judge, SHEPHERD and STRAS, Circuit Judges.

_____

COLLOTON, Chief Judge.

Anthony Wings pleaded guilty to unlawfully possessing a firearm and ammunition as a felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district court[*] determined that Wings's base offense level was twenty because he had sustained a

_____

[*]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

prior felony conviction for a crime of violence. *See* USSG § 2K2.1(a)(4)(A). But for the prior felony determination, the advisory guideline range would have been lower. Wings contends on appeal that the record did not establish that his prior offense of conviction constituted a crime of violence.

The presentence report stated that Wings sustained a Missouri conviction for felony second-degree domestic assault in 2011, and recommended a base offense level of twenty. In describing Wings's prior offense, the report said that "[a]ccording to court records, on May 31, 2011, Wings attempted to cause physical injury to D.G. by choking her." Wings did not object. The government did not present additional evidence. The district court adopted the report.

Because Wings did not object to the prior felony determination, we review only for plain error. Fed. R. Crim. P. 52(b). To obtain relief, Wings must show an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-35 (1993).

Wings argues that the district court obviously erred by relying on the presentence report's reference to allegations in "court records," because the report did not specify that the records were the type on which a court may rely in determining whether the prior conviction satisfies the relevant definition. *See Shepard v. United States*, 544 U.S. 13, 16 (2005); *cf. United States v. Shockley*, 816 F.3d 1058, 1063 (8th Cir. 2016). But even assuming such an error for the sake of analysis, we conclude that a remand is not warranted.

The government moves this court to take judicial notice of the charging document, guilty plea, and state-court judgment that establish Wings's domestic-assault conviction. We may take judicial notice of any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned," *see* Fed. R. Evid. 201(b)(2), "as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." *United States v. Jones*, 574 F.3d 546, 551 n.2 (8th Cir. 2009) (internal quotation omitted). We have taken judicial notice in similar cases involving uncontested allegations in the presentence report, *e.g.*, *id.* at 551; *United States v. Allen*, 804 F. App'x 425, 425 (8th Cir. 2020), and we conclude that the same course is appropriate here. Wings does not dispute the authenticity of the proffered documents, and we discern no reason to doubt their accuracy. "[I]t would be pointless to remand the case simply to have the District Court take notice of that which we may notice ourselves." *Jones*, 574 F.3d at 551 n.3 (internal quotation omitted).

An offense constitutes a crime of violence under the applicable sentencing guideline if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2K2.1(a)(4)(A), comment. (n.1); *id.* § 4B1.2(a)(1). We apply a categorical approach that examines only the elements of the offense to determine whether they necessarily include the requisite use, attempted use, or threatened use of force. *United States v. Brown*, 73 F.4th 1011, 1014 (8th Cir. 2023). Where a statute creates multiple offenses by listing elements in the alternative, we may look to a "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)" to determine the offense of conviction. *Mathis v. United States*, 579 U.S. 500, 505 (2016).

Wings's prior offense was a crime of violence under USSG § 2K2.1. At the time of Wings's offense, the Missouri second-degree domestic assault statute was divisible. *See United States v. Doyal*, 894 F.3d 974, 976 (8th Cir. 2018). One alternative offense required an attempted or knowing causation of physical injury, Mo. Rev. Stat. § 565.073.1(1) (2001), and this alternative satisfied the force clause. *United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016). Like the presentence report, the ultimate charging document states that Wings "attempted to cause physical injury to [D.G.] by choking her," and he pleaded guilty to the charged offense. The relevant

judicial records thus establish that Wings committed an offense that qualifies as a crime of violence under the force clause.

For these reasons, we conclude that the district court correctly determined Wings's base offense level under USSG § 2K2.1(a)(4)(A). The judgment of the district court is affirmed. The motion to take judicial notice is granted. The alternative motion to supplement the record is denied as moot.

_____