# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 24-1684

———————————————

United States of America

*Plaintiff - Appellee*

v.

James Arthur Blakemore, III

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: February 18, 2025
Filed: February 28, 2025
[Unpublished]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

James Arthur Blakemore appeals after a jury found him guilty of carjacking and firearm offenses, and the district court[1] sentenced him as a career offender, varied

———————————————

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

downward from the applicable Guidelines range, and imposed a sentence of 324 months in prison.

Counsel moved to withdraw from representation and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that Blakemore's speedy trial rights were violated and challenging the substantive reasonableness of the sentence. Blakemore did not file a pro se supplemental brief but submitted a motion "to challenge all prejudicial errors." This court denied counsel's motion to withdraw and ordered briefing regarding whether Blakemore's prior conviction for Missouri second-degree domestic assault qualifies as a predicate crime of violence pursuant to the United States Sentencing Guidelines. The government moved this court to take judicial notice of a state court complaint, indictment, and judgment. Having considered the issues raised by Blakemore, his counsel, and the parties' supplemental briefing, and having independently examined the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we affirm the judgment of the district court.

Blakemore's career offender enhancement was based in part on a Missouri conviction for felony second-degree domestic assault. The presentence report stated that Blakemore "attempted to cause physical injury to H.K. by striking her to the point that he broke her rib." Blakemore did not object to that narrative or the determination that the conviction qualified as a career-offender predicate, and the district court adopted the report. Our review of the issue is thus for plain error. See United States v. Campos, 79 F.4th 903, 914 (8th Cir. 2023).

The statute in effect at the time of Blakemore's prior offense was divisible and criminalized both attempting to cause or knowingly causing physical injury, as well as recklessly causing physical injury. See Mo. Rev. Stat. § 565.073 (2005). Only one alternative offense, section 565.073.1(1) (attempted or knowing causation of physical injury), qualifies as a crime of violence under the Guidelines. See United States v. Wings, 106 F.4th 793, 795 (8th Cir. 2024). We take judicial notice of the state-court

documents submitted by the government, and, satisfied that Blakemore pled guilty to attempting to cause physical injury to another, conclude that Blakemore's second-degree domestic assault conviction is a predicate offense under the career offender Guideline. See U.S.S.G. § 4B1.2(a)(1); Wings, 106 F.4th at 795; Shepard v. United States, 544 U.S. 13, 26 (2005). Because there is no question as to Blakemore's other predicate offense, we conclude that the district court correctly determined he is a career offender.

Regarding Blakemore's speedy trial claims, upon careful review of the record, we conclude there were no Speedy Trial Act (STA) violations, see 18 U.S.C. § 3161; United States v. Grady, 88 F.4th 1246, 1255 (8th Cir. 2023) (this court reviews the "district court's legal conclusions de novo, its factual findings for clear error, and its ultimate [STA decision] for abuse of discretion" (citation omitted)), cert. denied, 144 S. Ct. 2648 (2024); or STA violations under the Sixth Amendment, see United States v. Shepard, 462 F.3d 847, 864-65 (8th Cir. 2006) (applying four-factor balancing test in evaluating Sixth Amendment claim for pretrial delay). We also conclude that the sentence imposed was not substantively unreasonable as the record reflects the district court considered the appropriate sentencing factors and did not overlook a relevant factor or commit clear error in weighing the factors. See United States v. Feemster, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc); cf. United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (when court imposes below-Guidelines-range sentence, "it is nearly inconceivable that the court abused its discretion in not varying downward still further"). To the extent Blakemore intended to argue that the district court erred in running the instant sentence consecutively to any sentences imposed in pending state cases, we find no plain error. See United States v. Lebeau, 76 F.4th 1102, 1106 (8th Cir. 2023), cert. denied, 144 S. Ct. 856 (2024).

Accordingly, the motion to take judicial notice is granted, and the alternative motion to supplement the record is denied as moot. The judgment of the district is affirmed. Blakemore's motion to challenge prejudicial errors is denied.

_____