**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4950**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GEOMAR QUINTERO, a/k/a Solis Delqui,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00024)

Argued:  September 25, 2008          Decided:  October 17, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Matthew Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:** Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Geomar Quintero pleaded guilty to one count of illegal reentry into the United States by a convicted felon in violation of 8 U.S.C. §§1326(a) and (b)(2). He received a 16-level sentence enhancement pursuant to U.S. Sentencing Guidelines Manual §2L1.2(b)(1)(A) based on his previous deportation after conviction of a "drug trafficking offense" for which the sentence imposed exceeded 13 months. The defendant appeals this enhancement. He argues that the sentencing court erred in finding that his prior conviction qualified as a "drug trafficking offense" under §2L1.2 and an "aggravated felony" under §1326(b)(2). He also argues that the sentencing court's use of a prior conviction to enhance his sentence violated his Sixth Amendment right to a jury trial. We reject these arguments and affirm the sentence.

I.

On March 15, 2006, the defendant pleaded guilty to the charge of illegal reentry into the United States by a convicted felon in violation of 8 U.S.C. §§1326(a) and (b)(2). At the sentencing hearing, the court found an offense level of 21 based on the presentence report which calculated a base offense level of eight, a 16-level enhancement pursuant to §2L1.2(b)(1)(A) for previous deportation after conviction of a "drug trafficking

2

offense," and a three-level reduction for acceptance of responsibility. The defendant objected to the 16-level enhancement on the ground that his 1996 conviction under California Health and Safety Code §11352(a) did not constitute a "drug trafficking offense." Specifically, the defendant argued that because he pleaded no contest to §11352(a), which covers some conduct that is a "drug trafficking offense" and some conduct that is not a "drug trafficking offense," he was not necessarily convicted of committing a "drug trafficking offense." The defendant also objected to the documents proffered by the government to narrow the charge. The district court agreed that the statute was too broad to categorically qualify as a "drug trafficking offense," but held that the plea colloquy and other judicially noticeable documents established that the defendant had pleaded no contest to the sale of cocaine base which was indisputably a "drug trafficking offense." The court found that the defendant's criminal history category was II and the corresponding Guidelines' range for an offense level of 21 was 41 to 51 months' imprisonment. The court sentenced the defendant to 41 months' imprisonment. Quintero now appeals this sentence.

Quintero claims that the sentencing court erred in enhancing his sentence pursuant to U.S.S.G. §2L1.2 based on a determination that his 1996 conviction for violating §11352(a) was a "drug trafficking offense." We review the sentencing court's determination de novo because it is a question of law. See United States v. Chacon, 533 F.3d 250, 253 (4th Cir. 2008).

According to U.S.S.G. §2L1.2(b)(1)(A), a 16-level enhancement is warranted for illegal reentry in violation of 8 U.S.C. §1326 if the defendant was previously deported after "a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. §2L1.2(b)(1)(A). Application Note 1(B)(iv) defines "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance)" or possession with intent to do the same. U.S.S.G. §2L1.2 cmt. n.1(B)(iv).

The parties argue extensively over whether §11352(a) is a "drug trafficking offense" on its face and whether the extended list of verbs in §11352(a) fit within the definition of "drug trafficking offense" in U.S.S.G. §2L1.2 Application Note 1(B)(iv). We see no need to explore this question because the plea colloquy so clearly establishes that the defendant's 1996

4

conviction was for selling cocaine base which unquestionably constitutes a "drug trafficking offense."

The sentencing court did not err in relying on the plea colloquy. Shepard v. United States permits courts to look to elements "necessarily admitted" by the defendant in a prior guilty plea to determine whether a prior conviction qualifies for a sentence enhancement. 544 U.S. 13, 16 (2005). Specifically, courts are permitted to examine the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id.

The plea colloquy makes clear that the defendant's 1996 conviction under §11352(a) was for the sale of cocaine base. On January 12, 1996, the defendant pleaded no contest to one count of violating §11352(a) and was sentenced to five years' imprisonment. There are two clear instances in the plea colloquy where the defendant admitted that he was pleading no contest to the sale of cocaine base. First, the court began the plea hearing by stating: "Charged with selling cocaine base on July 12, 1995 in violation of §11352(a) of the Health and Safety Code. Do you understand that charge, Sir?" The defendant responded "Yes." Second, the court later asked: "How do you plead to the charge that you violated Health and Safety Code §11352(a), sale of cocaine base?" The defendant responded "No

5

contest." These statements establish that the defendant pleaded no contest to the sale of cocaine base.

The defendant argues that the sentencing court was not permitted to consider the plea colloquy because the defendant did not confirm the factual basis for the plea as required by Shepard, and therefore the facts were not "necessarily admitted" by the defendant. See Shepard, 544 U.S. at 26 (permitting courts to look to plea colloquies "in which the factual basis for the plea was confirmed by the defendant"). We find no merit in this argument. As discussed above, the defendant directly admitted that he was pleading no contest to the "sale of cocaine base" and "selling cocaine base." Furthermore, during the plea colloquy defendant's counsel stipulated to a factual basis after the defendant made these statements. Therefore, the sentencing court did not err in relying on the plea colloquy to determine that the defendant's 1996 conviction was for the sale of cocaine base.

The sale of cocaine base undeniably qualifies as a "drug trafficking offense" under U.S.S.G. §2L1.2 because it is the "distribution, or dispensing of a controlled substance." See U.S.S.G. §2L1.2 cmt. n.1(B)(iv). Therefore, the sentencing court was correct to conclude that the defendant's 1996 conviction was a "drug trafficking offense" and did not err in applying a 16-level enhancement under §2L1.2(b)(1)(A).

We need not consider the defendant's arguments with respect to the admissibility of the other documents. Any possible resulting errors would be harmless in light of the fact that the plea colloquy unequivocally establishes that the defendant's 1996 conviction was a "drug trafficking offense."[*]

## III.

The defendant also claims that the sentencing court's use of his prior conviction to enhance his sentence violates his Sixth Amendment right to a jury trial. The defendant makes this argument merely to preserve it for appeal because, as the defendant properly concedes, current Supreme Court doctrine forecloses his argument. See Almendarez-Torres v. United States, 523 U.S. 224 (1998) (holding that the Constitution does not require that prior convictions be alleged in an indictment for a guilty plea or proven to a jury beyond a reasonable doubt in order to be the basis of a sentence enhancement); see also

---

[*] The defendant also claims, apparently for the first time on appeal, that the district court erred in applying a statutory sentencing enhancement pursuant to 8 U.S.C. §1326(b)(2) based on a determination that his 1996 conviction was an "aggravated felony." For the reasons stated above, the district court did not err in relying on the plea colloquy to determine that the defendant's 1996 conviction was for the sale of cocaine base. The sale of cocaine base is unquestionably an "aggravated felony" which is defined to include "illicit trafficking in a controlled substance." 8 U.S.C. §1101(a)(43)(B).

7

Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).  Despite some questioning of the continued vitality of the prior conviction exception, see Shepard, 544 U.S. at 27-28 (Thomas, J., concurring in part and concurring in the judgment), Almendarez-Torres is still good law and this court is bound to follow it.  See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005).  Therefore, we reject the defendant's argument.

IV.

For the foregoing reasons, we affirm the sentence.

AFFIRMED

8