# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1806

———————

United States of America,

        Appellee,

v.

Jamaal T. Williams,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*
\*

———————

Submitted: October 18, 2011
Filed: December 21, 2011

———————

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

———————

GRUENDER, Circuit Judge.

This is the second time Jamaal Williams has challenged the sentence imposed as a result of his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In his first appeal, *United States v. Williams* ("*Williams I*"), 627 F.3d 324 (8th Cir. 2010), Williams challenged the district court's determination that his prior 2002 conviction under the Nebraska escape statute, Neb. Rev. Stat. § 28-912(1), constituted a crime of violence warranting imposition of the U.S.S.G. § 2K2.1(a)(3) sentencing enhancement. The Nebraska escape statute criminalizes both escape from custody (where a defendant "unlawfully removes himself from official detention," Neb. Rev. Stat. § 28-912(1)), a crime of violence, *see United*

*States v. Pearson*, 553 F.3d 1183, 1186 (8th Cir. 2009), and failure to report (where a defendant "fails to return to official detention following temporary leave," Neb. Rev. Stat. § 28-912(1)), which is not a crime of violence, *see Chambers v. United States*, 555 U.S. 122, 127-28 (2009). In *Williams I*, we vacated Williams's sentence and remanded for resentencing because the district court erred in its modified categorical analysis of Williams's conviction. 627 F.3d at 329. In particular, the district court erred by relying on the facts from the police report as incorporated into Williams's Presentence Investigation Report to "see how the particular crime at issue was committed on this occasion," as opposed to determining "which part of the statute the defendant violated." *Id.* at 328 (quoting *United States v. Howell*, 531 F.3d 621, 622-23 (8th Cir. 2008)). We directed the district court to determine, if possible, under which part of the Nebraska escape statute Williams was convicted based on records that are acceptable under *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). *Id.* at 329. At resentencing, the district court[1] reviewed the charging documents and the transcript of Williams's 2002 change-of-plea hearing, found that Williams was convicted under the unlawful-removal part of the statute, and held that violation of this part of the statute constituted a crime of violence in the ordinary case. The district court, therefore, applied the § 2K2.1(a)(3) sentencing enhancement in its guidelines calculation and resentenced Williams to 70 months' imprisonment. Williams again appeals the district court's application of the § 2K2.1(a)(3) sentencing enhancement, arguing that his no-contest plea rendered the factual basis for his plea recited by the prosecutor during his change-of-plea hearing unusable for *Taylor* and *Shepard* purposes. We affirm.

We review a district court's interpretation and application of the sentencing guidelines *de novo*. *United States v. Yielding*, 657 F.3d 688, 716 (8th Cir. 2011). The

---

[1]The Honorable Joseph F. Bataillon, then-Chief Judge, United States District Court for the District of Nebraska.

sentencing guidelines define "crime of violence" to include "any offense . . . punishable by imprisonment for a term exceeding one year" that either "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). In order to determine whether a defendant's conviction necessarily falls under the crime-of-violence part of an over-inclusive statute , the district court may look to "the written plea agreement, transcript of [the] plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Howell*, 531 F.3d 621, 623 (8th Cir. 2008).[2] If the government establishes by a preponderance of the evidence that the prior felony conviction was for a crime of violence, then the § 2K2.1(a)(3) sentencing enhancement applies. *See United States v. Forrest*, 611 F.3d 908, 913 (2010), *cert. denied*, 562 U.S. ---, 131 S. Ct. 622 (2010).

Because a plea-hearing transcript is an approved document under *Shepard* and under *Taylor*, a district court may consider statements made in a no-contest plea hearing for the purpose of determining under which part of an over-inclusive statute a defendant was convicted. Moreover, a defendant may, in the context of a no-contest plea hearing, admit to the underlying facts or to the nature of the charge against him. *See United States v. Flores-Vasquez*, 641 F.3d 667, 671 (5th Cir. 2011), *cert. denied*, 565 U.S. ---, 132 S. Ct. 361 (2011) ("[A] defendant can, independently of his plea entry, confirm the prosecution's proffer of facts."); *accord United States v. Quintero*, 297 F. App'x. 267, 269 (4th Cir. 2008) (unpublished) (holding that a defendant's

---

[2]As we observed in *Williams I*, because much of the precedent in this area deals with the term "violent felony" under the Armed Career Criminal Act ("ACCA"), "we generally treat the term 'crime of violence' under § 4B1.2(a) of the advisory guidelines the same as the term 'violent felony' under the ACCA." 627 F.3d at 328 n.1.

verbal confirmation in an *Alford* plea hearing that he was pleading to a narrow portion of the charge recited by the judge justified the application of a sentencing enhancement based on a prior conviction for that portion of the statute).

Although the charging document for Williams's 2002 conviction pleads both parts of the Nebraska escape statute, the state court explained to Williams at the plea hearing that the charge to which he was entering his no-contest plea was unlawful removal from official detention. The court first explained to Williams, "[b]efore I can accept your plea of no contest, I have to be satisfied that you understand the nature of the charge against you to which you're pleading no contest." Williams subsequently engaged in the following colloquy with the court:

> The Court: Okay. The charge is that on or about the 13th day of August, 2002, in Douglas County, you removed yourself from official detention. Is that your understanding of the charge basically?
>
> [Defendant's attorney]: Do you understand that?
>
> The Court: You were placed under arrest and left maybe?
>
> The Defendant: Yes, sir.
>
> The Court: Okay. Still wish to plead no contest?
>
> The Defendant: Yes, sir.

This colloquy demonstrates by a preponderance of the evidence that Williams was convicted under the unlawful-removal part of the Nebraska escape statute, the extent of the inquiry required under the modified categorical approach. *See Williams I*, 627 F.3d at 328 ("Under the modified categorical approach, the court examines the *Taylor* and *Shepard* documents not to see how the particular crime at issue was committed on this occasion, but '*only* to determine which part of the statute the defendant

-4-

violated.'" (quoting *Howell*, 531 F.3d at 622-23) (emphasis in original)); *Forrest*, 611 F.3d at 913 (reciting preponderance of the evidence standard and holding that it is a question of fact whether the defendant pleaded guilty to the same crime charged in the criminal complaint).

Williams's contention that his no-contest plea did not constitute an admission because he did not assent to the factual basis for the plea recited by the prosecutor is unavailing.  A no-contest plea is analogous to an *Alford* plea, *see Munnelly v. United States Postal Service*, 805 F.2d 295, 300 (8th Cir. 1986), in which a defendant pleads guilty without admitting the facts underlying the conviction.  Just as an *Alford* plea "results in a conviction," *United States v. Linngren*, 652 F.3d 868, 872 n.5 (8th Cir. 2011), in Nebraska, "[a] plea of no contest is equivalent to a plea of guilty," *Nebraska v. Thoi Vo*, 783 N.W.2d 416, 420 (Neb. 2010).  Just as a conviction can serve as a predicate offense when a defendant contests the facts at trial but is nevertheless found guilty, a conviction can serve as a predicate offense when a defendant refuses to admit the facts while pleading no contest.  Moreover, irrespective of whether Williams admitted the underlying facts as recited by the prosecutor, those facts must independently support a conviction for failure to report in order for Williams to have been convicted under that part of the statute.  *See Nebraska v. Irish*, 394 N.W.2d 879, 883 (Neb. 1986) (requiring guilty and nolo contendere pleas to be supported by a factual basis in the record).  To the contrary, the proffered facts in Williams's 2002 change-of-plea hearing allege that Williams was placed under arrest, fled from police, and later was placed back under arrest.  There was no suggestion that he was, at any time, granted temporary leave from custody for a specific purpose or limited period. *See* Neb. Rev. Stat. § 28-912(1).  Therefore, Williams could only have been convicted under the unlawful-removal part of the Nebraska escape statute.

Williams's contention that Fed. R. Evid. 410 prohibits introducing evidence of a no-contest plea in a sentencing hearing is similarly unpersuasive. The rules of

evidence do not apply in sentencing proceedings. Fed. R. Evid. 1101(d)(3). We previously have allowed consideration of *Alford* pleas and statements made in *Alford* plea colloquies as evidence bearing on the nature of previous convictions. *See, e.g.*, *Vinton*, 631 F.3d at 486-87.

We agree with the district court that Williams's conviction was for unlawful removal from official detention under the Nebraska escape statute, which is an "escape from custody," and that this violation constitutes a crime of violence in the ordinary case. *See Pearson*, 553 F.3d at 1186. Williams does not challenge the reasonableness of his sentence in this appeal, and therefore we need not address that issue. *See United States v. Brown*, 550 F.3d 724, 729 n.4 (8th Cir.2008).

For the foregoing reasons, we affirm.

_____