# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1965
_____

United States of America

*Plaintiff - Appellee*

v.

Levonia T. Gray

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 13, 2012
Filed: November 26, 2012

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

On May 11, 2009, a jury convicted Levonia Gray of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Gray appeals from the judgment of the district court,[1] arguing the evidence of possession was insufficient to convict him. We disagree and affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

"We review the sufficiency of the evidence de novo, 'viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict.'" United States v. Teague, 646 F.3d 1119, 1121-22 (8th Cir. 2011) (quoting United States v. Piwowar, 492 F.3d 953, 955 (8th Cir. 2007)). "This court does not weigh the credibility of the witnesses or the evidence. The jury has the sole responsibility to resolve conflicts or contradictions in testimony, and credibility determinations are resolved in favor of the verdict." United States v. Moya, 690 F.3d 944, 949 (8th Cir. 2012) (quoting United States v. Aldridge, 664 F.3d 705, 715 (8th Cir. 2011)) (quotation marks omitted). We reverse "only if no reasonable jury could have found guilt beyond a reasonable doubt." United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012).

"To convict [Gray] under § 922(g), the government had to prove beyond a reasonable doubt that (1) [Gray] previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) [Gray] knowingly possessed a firearm; and (3) the firearm had moved in or affected interstate commerce." United States v. Tucker, 689 F.3d 914, 918 (8th Cir. 2012). Gray only contests the second element—whether he knowingly possessed a firearm.

At trial, Damita Marks, Gray's live-in companion, testified that about "a week and a half" after Gray began living in Marks's home, Gray took possession of and refused to return two firearms Marks had been storing for a friend. Gray bought some ammunition and "played around with [the firearms]," shooting "into the ground in the back yard" and intimidating Marks with the firearms by "flashing them in [her] face."

Anthony Tate, who rented a room from Marks, testified Tate was in his room on September 9, 2007, when Gray became angry because he could not find the telephone. Tate testified Gray came upstairs, "kicked the door in, aimed the pistol at [Tate], shot at [him]," and then "walked up to [Tate] and assaulted [him] with the

pistol." Gray then "led [Tate] out of the house with one pistol to [Tate's] head and another one to [Tate's] back" as Marks held open the door. Once outside, Gray "assaulted [Tate] with the pistol again to the right side of [his] face" and shot again as Tate fled. Tate called 911 and was transported to the hospital emergency room where he was treated for a gunshot wound to the neck.

Marks, who witnessed the shooting from a few feet away, corroborated Tate's account of Gray's use of the two firearms. Marks testified Gray returned to the house thirty or forty minutes later with the firearms and a bloody towel. After the police took Marks and Gray into custody, Marks advised Officer Sean Ragan of the Little Rock Police Department she had witnessed Gray hide the firearms in the laundry room near the washing machine. Officer Ragan later retrieved the two firearms from underneath the washing machine. Tate, Marks, and Officer Ragan identified the firearms at trial, and the government entered them into evidence without objection.

Gray testified in his defense. Gray admitted to "whooping" Tate with his bare hands and putting him out of the house by force, but denied knowing of or possessing any firearms at the house. Gray speculated Tate's neck may have been cut by an ashtray on the nightstand that broke when Gray struck Tate with his hand.

On appeal, Gray acknowledges "credibility determinations are for the jury" and "a verdict based solely on the testimony of witnesses should normally be upheld," but contends "the uncorroborated live testimony of two eyewitnesses—although consistent with each other—was insufficient to establish he possessed the firearms at issue on or about September 9, 2007." Gray is wrong. The evidence adduced at trial was more than sufficient to support the jury's verdict.

We affirm the judgment of the district court.

_____

-3-